Misty Edmundson, OSB No.: 060106
Email: edmundson@sohalang.com
Soha & Lang, P.S.
1325 Fourth Ave., Ste 2000
Seattle, WA  98101-2570
(206) 624-1800
(206) 624-3583 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ATLANTIC CASUALTY INSURANCE COMPANY**, a North Carolina corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**NIK'S ROOFING, LLC,** an Oregon limited liability company**; XIAOFENG FU** and **FON ZHANG,** Trustees of the **XIAOFENG FU REVOCABLE TRUST**; **RANJIT BHASKAR**, an individual; **ERIC EIMERS**, an individual dba **RESOURCE MAINTENANCE & CONSTRUCTION**,<br><br>Defendants. | Civil No. 3:18-cv-1239<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Atlantic Casualty Insurance Company, for its complaint against defendants, alleges as follows:

### I.    PARTIES AND JURISDICTION

1.1    Plaintiff Atlantic Casualty Insurance Company ("Atlantic") is a corporation duly organized under the laws of the state of North Carolina and has its principal place of business

COMPLAINT FOR DECLARATORY RELIEF – 1
No.  3:18-cv-1239

in Goldsboro, North Carolina. Atlantic is a surplus lines insurance company which transacts business in Oregon.

1.2     Upon information and belief, defendant Nik's Roofing, LLC is a limited liability company organized under the laws of the State of Oregon and has its principal place of business in Washington.

1.3     Upon information and belief, Xiaofeng Fu and Fon Zhang, as Trustee of the Xiaofeng Fu Revocable Trust ("Fu Trust") and Ranjit Bhaskar were and are the legal owners of two homes comprising a duplex located at 1019 and 1027 NE Sumner Street, Portland, Oregon 97211 and thus, are residents of Oregon.

1.4     Upon information and belief, Eric Eimers, individually and doing business as Resource Maintenance & Construction ("Eimers"), was duly licensed and authorized to conduct business as a construction contractor in the State of Oregon and he is a resident of the State of Oregon. On information and belief, Eimers planned, designed, developed, constructed, marketed, and sold the duplex located at 1019 and 1027 NE Sumner Street, Portland, Oregon 97211.

1.5     This is an action for a declaratory judgment pursuant to USC § 2201, et seq., to determine an actual case or controversy between the parties.

1.6     This court has jurisdiction pursuant to USC § 1332, et seq., because this matter involves citizens of different states and the amount in controversy exceeds $75,000.00.

## II.     FACTUAL ALLEGATIONS

2.1     Atlantic reasserts the allegations set forth in paragraphs 1.1 to 1.6 above as though fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF – 2
No.  3:18-cv-1239

1214.00074 kf26fb30e6.002

2.2     Atlantic issued policy no. L065008214 to defendant Nik's Roofing, LLC ("the Atlantic Policy").  The policy was in effect for a policy term of March 30, 2009 to March 30, 2010.

2.3     On or about April 19, 2018, a first amended complaint ("Complaint") was filed against defendant Nik's Roofing, LLC in the Multnomah County, Oregon, Circuit Court by Xiaofeng Fu and Fon Zhang, as Trustee of the Xiaofeng Fu Revocable Trust and Ranjit Bhaskar (collectively, "Underlying Plaintiffs").  The Underlying Plaintiffs are the legal owners of Adjoining townhomes located at 1019 and 1027 NE Sumner Street, Portland, Multnomah County, Oregon 97211 ("Project").  The Complaint alleges that defendant Nik's Roofing LLC furnished and/or installed roof underlayment, shingles, flashings, and related components at the Project.

2.4     Upon information and belief, the roofing work was completed at the Project in 2007.

2.5     The Underlying Plaintiffs allege numerous construction defects in the roofing work.  The Underlying Plaintiffs further allege that these construction defects have resulted in water leakage, water damage and hidden property damage throughout the Project, including, but not limited to, the interiors and exteriors of the Homes.

2.6     Eimers has also alleged that Nik's Roofing, LLC is liable for the construction defects and associated alleged damage related to the roofing work.

2.7     Nik's Roofing, LLC tendered the Complaint to Atlantic for defense and possible indemnity.

2.8     Atlantic denied the tender because the Atlantic Policy does not provide coverage for the claims against Nik's Roofing, LLC.

COMPLAINT FOR DECLARATORY RELIEF – 3
No.  3:18-cv-1239

2.9    Atlantic policy no. L065008214 provides liability coverage subject to the following provisions found in Form CG00 01 10 01:

*SECTION I – COVERAGES*

*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

1.   *Insuring Agreement*

   a.   *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

      *(1)   The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and*

      *(2)   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

      *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.*

   b.   *This insurance applies to "bodily injury" and "property damage" only if:*

      *(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

      *(2)   The "bodily injury" or "property damage" occurs during the policy period . . . .*

                              * * *

2.   *Exclusions*

                              * * *

   j.   *Damage to Property*

                              * * *

  *(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*

  *(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*

* * *

 l. **Damage to Your Work**

  *"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."*

  *This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

 m. **Damage to Impaired Property or Property Not Physically Injured**

  *"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*

  *(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*

  *(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

  *This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

* * *

SECTION V – DEFINITIONS

* * *

8. "Impaired property" means tangible property, other than "your product" or "your work" that cannot be used or is less useful because:

 a. It incorporates "your product" or "your work", that is known or thought to be defective, deficient, inadequate or dangerous; or

 b. You have failed to fulfill he terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

b. Your fulfilling the terms of the contract or agreement.

COMPLAINT FOR DECLARATORY RELIEF – 5
No.  3:18-cv-1239

\* \* \*

13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

\* \* \*

16. *"Products-completed operations hazard":*

   *a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:*

   *(1) Products that are still in your physical possession; or*

   *(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:*

   *(a) When all of the work called for in your contract has been completed.*

   *(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.*

   *(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.*

   *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*

\* \* \*

17. *"Property damage" means:*

   *a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

   *b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it . . .*

18. *"Suit" means a civil proceeding in which damages because of . . . . "property damage" . . . . to which this insurance applies are alleged . . . .*

\* \* \*

22. *"Your work":*

COMPLAINT FOR DECLARATORY RELIEF – 6
No.  3:18-cv-1239

> a. Means:
>
>> (1) Work or operations performed by you or on your behalf; and
>>
>> (2) Materials, parts or equipment furnished in connection with such work or operations.
>
> b. Includes
>
>> (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
>>
>> (2) The providing of or failure to provide warnings or instructions.

\* \* \*

The Policy is also subject to "Exclusion – Condominiums, Townhomes, Townhouses, Tract Home Projects," (Form CG 21 34 A 01 08), which provides:

> *This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" on the new construction of any condominiums, townhomes or townhouses. This exclusion also applies to a "tract home project". A "tract home project" is a piece or parcel of land subdivided into ten or more lots, tracts, parcels or other divisions of land for the development and sale of freestanding one, two, three or four family dwellings in which multiple identical, or nearly-identical, homes are built to create a community.*
>
> *This exclusion does not apply to repair work on any such units described above.*
>
> *We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.*

The Policy is also subject to "Exclusion - Prior Work," (Form CG 21 34 C 05 08), which provides:

> **SCHEDULE**
> ***"Your Work"** which was completed at any location prior to the effective date of this policy.*

COMPLAINT FOR DECLARATORY RELIEF – 7
No. 3:18-cv-1239

> *This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule above.*
>
> *We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.*

The Policy is also subject to "Exclusions/ Limitations – Combination Endorsement –

Contractors" (Form AGL-CO 01/08), which provides, in pertinent part:

### *Exclusion – Claims In Process*

> *Paragraphs b.(3), c. and d. under Insuring Agreement of Section I – Coverage A – Bodily Injury and Property Damage Liability, are deleted. The following is added to 2. Exclusions under Section I – Coverage A- Bodily Injury and Property Damage Liability:*
> 1. *Any loss or claim for damages arising out of or related to "bodily injury" or "property damage," whether known or unknown:*
>    a. *Which first occurred prior to the inception date of this policy; or*
>    b. *Which is, or is alleged to be, in the process of occurring as of the inception date of this policy.*
> 2. *Any loss or claim for damages arising out of or related to "bodily injury" or "property damage," whether known or unknown, which is in the process of settlement, adjustment or "suit" as of the inception date of this policy.*
>
> *We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.*
> *(AGL-048 1/03)*

\* \* \*

### *Limitation – Duty to Defend*

> *Where there is no coverage under this policy, there is no duty to defend any insured. We are entitled to all rights of reimbursement from you or any insured or indemnitee for sums paid under this policy if it is determined that there is no coverage under the terms, conditions or exclusions of this policy.*
>
> *Our determination regarding a defense obligation under this policy may be made on evidence or information extrinsic to any complaint or pleading presented to us.*

> *We have the right but not the duty to defend. The preceding sentence only applies to those qualifying as an additional insured by way of an additional insured endorsement.*
> (AGL-056 1/08)

* * *

***Amended Definitions and Use of Extrinsic Evidence***<br>* * *

> *Section V – DEFINITIONS; 17. c. and d. is added to the Commercial General Liability Form:*
>
> c. *"Property Damage" does not include any cost or expense to repair, replace, or complete any work to any property that you (or any insured) are otherwise obligated to repair, replace or complete pursuant to the terms of any contract with any person.*
>
> d. *We may look to extrinsic evidence outside of the facts plead by any claimant to determine whether a lawsuit is seeking "Property Damage."*
>
> (AGL-077 1-08)

Further, Form CG 03 00 01 96, provides, in pertinent part, the following:

> *1.   PER CLAIM BASIS. If the deductible amount indicated in the Schedule above is on a per claim basis, that deductible applies as follows:*
>
>   a.   *Under Bodily Injury Liability Coverage, to all damages sustained by any one person because of "bodily injury";*
>
>   b.   *Under Property Damage Liability Coverage, to all damages sustained by any one person because of "property damage" . . . . .*

### III.   CLAIM FOR DECLARATORY RELIEF

3.1   Atlantic reasserts the allegations set forth in paragraphs 1.1 to 2.9 above as though fully set forth herein.

3.2   Based on the terms of Atlantic policy no. L065008214 as compared to the facts of the claim, Atlantic has no duty to defend and no duty to indemnify defendant Nik's Roofing, LLC under the policy against the claims made in the liability lawsuit by Eimers and the Underlying Plaintiffs for one or more of the following reasons:

a. there is no coverage for property damage arising out of Nik's work on new construction of townhouses when included in the products-completed operations hazard. Here, the Project is adjoining townhouses. Additionally, the roofing work was completed on the Project prior to inception of the policy and thus would be included within the products-completed operations hazard and thus, excluded from coverage under the Atlantic policy.

b. Pursuant to the Prior Work Exclusion, there is no coverage because the roofing work was completed in 2007, prior to inception of the policy period.

c. To the extent any alleged loss or damage was in process prior to the inception of the policy period, the Claims in Process exclusion bars coverage.

d. Some or all the claimed damage by the Underlying Plaintiffs and/or Eimers does not qualify as "property damage" under the amended definition of "property damage" in the Atlantic Policy.

e. The work in process exclusions bar coverage.

f. The "your work" exclusion bars coverage.

g. The "impaired property" exclusion bars coverage.

h. Because there is no coverage for the claim under the policy, there is no duty to defend or indemnify.

## IV.   REQUEST FOR RELIEF

WHEREFORE, plaintiff Atlantic Casualty Insurance Company prays for the following relief:

A. For a declaratory judgment in its favor stating that:

        (i)        Policy no. L065008214 provides no coverage to defendant Nik's Roofing, LLC for the claims made by Eimers and/or the Underlying Plaintiffs;

        (ii)       Atlantic has no duty to defend Nik's Roofing, LLC under policy no. L065008214 against the claims made by Eimers and/or the Underlying Plaintiffs; and

        (iii)      Atlantic has no duty to indemnify Nik's Roofing, LLC in connection with any settlement with or judgment in the liability lawsuit in favor of Eimers and/or the Underlying Plaintiffs.

B.        For costs and attorney's fees to the extent permitted by law; and

C.        For such other and further relief as this court may deem just and equitable.

Respectfully submitted this 11th day of July, 2018.

        SOHA & LANG, P.S.

        By:   */s/Misty Edmundson*
        Misty Edmundson, OSB # 060106
        Email: Edmundson@sohalang.com
        1325 Fourth Avenue, Suite 2000
        Seattle, WA 98101
        Phone No.: 206-624-1800
        Attorneys for Atlantic Casualty Insurance Company

COMPLAINT FOR DECLARATORY RELIEF – 11
No. 3:18-cv-1239

1214.00074 kf26fb30e6.002